UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RICHARD BECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:09-cv-381-WTL-TAB |
| | ) | |
| KENNETH ROBERTS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's request to proceed *in forma pauperis* is granted. No assessment of even a partial **initial filing fee is feasible at this time.**

**II.**

Plaintiff Beck is a prisoner. Accordingly, his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). Conversely, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008)(citing *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)).

Beck's complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004).

A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). Beck's allegation that an Indiana attorney paid to represent Beck in a petition for post-conviction relief does not suggest the presence of action taken under color of state law. On the contrary, under authority established for more than a generation, the defendant did not act under color of state law when representing Beck in the criminal proceeding, whether the defendant was privately retained or paid by public funds. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law).

Because there was no action "under color of state law" when the defendant represented the plaintiff in an Indiana state court, there is no viable claim for relief pursuant to 42 U.S.C. § 1983. There is also no allegation which would support the exercise of the court's diversity jurisdiction as to any claim under Indiana state law, and a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006).

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/09/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana